IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ROGER McCLAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:24cv129-MHT |
| | ) | (WO) |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Pursuant to 28 U.S.C. § 1446(a), defendant Wal-Mart Stores East, LP removed this case from the Circuit Court of Covington County, Alabama, to this court on February 22, 2024. The court has two concerns about the removal.

First, 28 U.S.C. § 1446(b) provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has

**then been filed in court and is not required to be served on the defendant, whichever period is shorter." In the notice of removal, Walmart alleges that "service of the initial pleading ... was perfected upon Walmart on January 22, 2024, which was Walmart's first actual notice of this action." Notice of Removal (Doc. 1) para. 2. On this basis, Walmart asserts that the notice of removal was filed "within thirty (30) days after receipt by Walmart after the receipt by Walmart of the initial filed pleading setting forth the claim for relief upon which such action or proceeding is based in accordance with 28 U.S.C. § 1446 (b)."** ***Id.*** **para. 3.**

**However, by the court's count, the 30-day period for filing the notice of removal ended on February 21, 2024. As a result, at least based on the allegations in the notice of removal, it appears that this case was not properly removed.**

**Second, the court has concerns as to whether the allegations in the notice of removal are sufficient to invoke this court's jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke jurisdiction based on diversity, the notice of removal must contain a "plausible allegation" that the amount in controversy is over $ 75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).**

**Here, the notice of removal's allegations leave the court with great doubt as to the amount in controversy. Walmart notes that the complaint raises a premises-liability claim for negligence and wantonness, and asserts that the plaintiff suffered personal injuries, pain, suffering, and other damages as a result of a fall, and seeks compensatory and punitive damages in an undisclosed amount. However, these are**

common claims and allegations that do little to show that more than $ 75,000 is in controversy.*

Walmart further notes that plaintiff's counsel sent a settlement demand for $ 100,000 based on medical bills totaling just over $ 10,000, and attaches the letter as an exhibit. *See* Letter (Doc. 1-2). While a settlement demand can provide important information as to the amount in controversy, in determining whether the amount in controversy has been met, "courts draw distinctions between settlement offers steeped in puffery and posturing at a high level of abstraction, on the one hand, and those yielding particularized information and a reasonable assessment of value, on the other." *Montreuil as Next Friend of Z.M. v. Costco Wholesale Corp.*, No. 2:18CV706, 2020 WL 1243383, at *1 (M.D. Ala. Mar. 13, 2020) (Thompson, J.). The letter presented here contains no explanation of the way the

* The inclusion of claim for punitive damages means little without a sense of the amount of compensatory damages that are at issue.

proposed settlement amount was reached other than a list of three medical expenses totaling slightly over $ 10,000. It also says nothing about future medical expenses or continued suffering. For these reasons, the court views the letter's settlement demand as mere puffery. Moreover, a total of $ 10,000 in medical expenses falls below the range of total medical expenses this court has seen in diversity cases.

In sum, the court is unconvinced that Walmart has plausibly pleaded that the amount in controversy exceeds $ 75,000. However, the court will allow Walmart an opportunity to amend the allegations as to the amount in controversy or to brief the issue.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the defendant has until March 14, 2024, to:

(1) Show cause as to why this case should not be remanded to state court because the notice of removal was filed late; and

(2) Amend the notice of removal to allege jurisdiction sufficiently, or if defendant so chooses, to submit a brief on the sufficiency of the allegations as to the amount in controversy;

Otherwise, this lawsuit shall be remanded to the state court.

DONE, this the 29th day of February, 2024.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE